KLIEBERT, Judge.
On January 15, 1981, the trial judge rendered judgment in a proceeding for divorce brought by the wife against the husband for a full divorce based on adultery. The judgment granted the divorce as prayed for, gave custody of the two children born of the marriage to the wife and ordered continued support payments of $100.00 per week for the two children of the marriage plus medical expenses.
The defendant husband appealed from that portion of the judgment dismissing his rule to reduce the child support payments. On appeal, the husband assigns as error the trial judge’s refusal to consider the husband’s obligations to support the children born from his illicit relationship with the person named in the divorce proceeding as the adulteress. He also assigned as error the amount of the support award on the ground that it exceeded two-thirds of the defendant husband’s take home pay.
In his reasons for judgment, the trial judge found the defendant husband failed to prove that he had a reduction in income or what his income was. Although the defendant husband claimed to have a gross income of $1200.00 per month and a net take home pay of $800.00 per month, he did not produce payroll stubs, letters from his employer, or other documentary evidence to support his contentions. Further, we note that although the defendant husband contended the $400.00 deductions between gross and net take home pay was for mandatory social security and income tax deductions, it is apparent the deductions also included voluntary deductions which ultimately enured to the husband’s benefit.
The trial judge found that the $50.00 per week per child plus the payment of medical expenses was not an excessive burden on the defendant. The debts which the defendant husband now complains of are entirely the results of his refusals to pay the support and alimony awards set by the court during the pendency of the divorce proceedings. The record is repleted with efforts of the wife to force compliance with the court’s awards and the husband’s refusal to comply.
After a review of the record, we concur in the trial judge’s finding and further believe $50.00 a week is not sufficient to support a child. Further, we see no merit in the husband’s argument that the trial judge’s failure to take in consideration the defendant’s obligations to support the two children born of his illicit relationship amounts to discrimination against these children. The husband created the problems he is now confronted with as well as the obligations he is required to meet under the law. The husband cannot defeat the obligations he has to support his children by merely asserting his income is insufficient. If in fact his income is insufficient, or he is unable to earn sufficient income to meet all of the obligations he has incurred for himself, then his remedy is to file a rule to change the support awards. In such a rule, it would be incumbent upon him to prove as a fact what he now seeks to argue is fact. As we view it, the trial judge’s ruling was a finding that the husband failed to prove his income. Having failed to accomplish this, then the husband neither proved there was a reduction in his former income nor that the awards for the support of his two children born of his marriage were excessive. We cannot say the trial judge committed manifest error in making that finding and hence can only affirm his ruling. Canter v. Koehring, 283 So.2d 716 (La.1973).
*845 For the reasons above stated, therefore, the judgment of the trial court is affirmed. All costs to be borne by appellant.
AFFIRMED.